UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>FRANK VICENDESE,<br><br>                Defendant. | **OPNION & ORDER**<br><br>13-cr-00648 (WHW) |

**Walls, Senior District Judge**

Defendant Vicendese moves the Court to terminate his supervised release. ECF No. 11 ("Mot. Br."). The Government opposes the motion. *See* ECF No. 12 ("Resp. Br."). For the following reasons, the motion is denied.

### FACTS AND PROCEDURAL BACKGROUND

Mr. Vicendese pled guilty to a single count violation of mail fraud pursuant to 18 U.S.C. § 1341 for criminal activities he committed from January 2006 to September 2010. ECF No. 5. Specifically, the Defendant was involved in a scheme whereby he generated fictitious invoices for hardware items supplied by his company and sent to Union County. Resp. Br. at 1-2. Mr. Vicendese's company received over $120,000 in fraudulent proceeds from the County. *Id.* He was sentenced on November 17, 2015 to imprisonment for a term of 18 months, followed by a supervised release term of three years. ECF No. 10. Mr. Vicendese's conditions of supervised release are standard, requiring him to refrain from crime and controlled substances, cooperate with probation services, and request judicial permission for travel outside the district. *See generally id.* However, the Court also imposed restrictions on new debt and required Mr. Vicendese to notify and seek approval from Probation for any self-employment. Mot. Br. at 1-2.

He has served over 18 months of his supervised release and has complied with all the terms and conditions thereof. *Id.*

## STANDARD

Supervised release following a defendant's period of imprisonment is designed to provide support for rehabilitation and "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States,* 529 U.S. 694, 708-9 (2000). Under 18 U.S.C. § 3583(e)(1), "the court may ... terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In making this determination, the statute directs the court to consider many of the same factors that it is required to consider in imposing the initial sentence under 18 U.S.C. § 3553(a).

## DISCUSSION

Mr. Vicendese's main argument for why supervised release should be terminated is that "he has fully paid the fines and restitution imposed at sentencing, and complied with all terms and conditions of his sentence and supervised release." *Id.* at 5. He likewise argues that (1) the nature and character of his offense and history is such that no further supervision is required; (2) deterrence is not a heavy consideration because he has shown an intent to live a law-abiding life; (3) he needs no training or correctional treatment; (4) the Sentencing Guidelines encourage early termination; (5) termination would not create sentencing disparities; and finally (6), termination would allow Mr. Vicendese to return to his family's real estate company in Somerset County, which is difficult now because "he may be required to divulge business information to Probation that he may not even be permitted to access." *Id.* at 5-6.

The Government sees things differently. It first contends that Mr. Vicendese is estopped from petitioning the Court for early termination of supervised release because he waived his right to bring such a challenge in his plea agreement. Resp. Br. at 3. Specifically, the plea agreement stated:

> Mr. Vicendes [sic] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18. U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.

ECF No. 5 at 7, ¶ 10. *See also Tuytjens v. United States*, No. CV137597, 2015 WL 5882820, at *1 (D.N.J. Oct. 6, 2015) (referring to the language of this waiver as "routine").

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. The right to appeal in a criminal case is among those rights that may be waived." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008), *cert. denied*, 557 U.S. 903 (2009). The Court will not review the merits if: "(1) the issues raised fall within the scope of the [] waiver; and (2) [Petitioner] knowingly and voluntarily agreed to the [] waiver; unless (3) enforcing the waiver would 'work a miscarriage of justice.'" *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014) (quoting *United States v. Grimes*, 739 F.3d 125, 128-19 (3d Cir. 2014)), *cert. denied*, 136 S. Ct. 400 (2015). *See also Bines v. United States*, No. 16CV1834, 2018 WL 4855097, at *4 (D.N.J. Oct. 5, 2018) ("A waiver must be enforced unless the court identifies the unusual circumstance of an error amounting to a miscarriage of justice involving the sentence") (internal quotations omitted). The Government argues that because Mr. Vicendese waived any motion challenging his "sentence," he is forbidden from challenging the terms of his supervised release, which are incorporated in and a part of his sentence. Mr. Vicendese did not reply to this argument.

"The government correctly observes that the word 'sentence' in a broad [] waiver such as that now before us includes the terms and conditions of supervised release and, therefore, bars appeals challenging those terms and conditions." *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013). Likewise, "the kind of standard waiver provision in Petitioner's plea agreement has been routinely upheld by this Court and by the Third Circuit." *Tuytjens*, 2015 WL 794575 at *5. This Court has denied similar motions based on near identical plea agreements because the language therein "is sufficiently broad that…any claim [] asserted would be encompassed by its terms." *United States v. Dominguez*, No. Crim. 07-53 (WHW), 2009 WL 703930, at *2 (D.N.J. Mar. 17, 2009). Mr. Vicendese does not contest that he knowingly and voluntarily agreed to the waiver, nor does he contend that its enforcement would be a miscarriage of justice. Accordingly, the Court finds that Mr. Vicendese is barred from challenging the terms of his supervised release as a condition of his plea agreement, and his motion is therefore DENIED. The Clerk of the Court is instructed to close ECF No. 11.

DATE: 8 Jan 2019

William H. Walls
Senior United States District Court Judge