NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>v.<br><br>FRANK VICENDESE,<br><br>                     Defendant. | Criminal Action No. 13-00648-SDW-1<br><br>**OPINION**<br><br><br><br>August 12, 2019 |

**WIGENTON**, District Judge.

Defendant Vicendese moves the Court to terminate his supervised release. ECF No. 14 ("Mot. Br."). For the following reasons, the motion is **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Mr. Vicendese pled guilty to a single count violation of mail fraud pursuant to 18 U.S.C. § 1341 for criminal activities he committed from January 2006 to September 2010. ECF No. 5. Specifically, the Defendant was involved in a scheme whereby he generated fictitious invoices for hardware items supplied by his company and sent to Union County. Resp. Br. at 1-2. Mr. Vicendese's company received over $120,000 in fraudulent proceeds from the County. *Id.* He was sentenced on November 17, 2015 to imprisonment for a term of 18 months, followed by a supervised release term of three years. ECF No. 10. Mr. Vicendese's conditions of supervised release are standard, requiring him to refrain from crime and controlled substances, cooperate with probation services, and request judicial permission for travel outside the district. *See generally id.* However, the Court also imposed restrictions on new debt and required Mr. Vicendese to notify and seek approval from Probation for any self-employment. He has served over 24 months of his

supervised release and has complied with all the terms and conditions thereof. *Id.* On November 21, 2018, Mr. Vicendese moved to terminate his supervised release, ECF No. 11, a motion the Government opposed, ECF No. 12. On January 8, 2019, the late Senior Judge Walls denied the motion, reasoning that Mr. Vicendese had waived his right to petition for an early termination under the terms of his plea agreement. ECF No. 13 at 3. Mr. Vicendese filed a renewed motion for early termination of supervised release on July 10, 2019. ECF No. 14. The case was then transferred to this Court upon the passing of Senior Judge Walls. ECF No. 15.

## STANDARD

Although stylized as a motion to terminate supervised release, this is more properly a motion for reconsideration of the Court's original decision. Mr. Vicendese's latest motion is at its core an attack on the legal reasoning of the Court's January 8, 2019 Opinion & Order, wherein the Court found that Petitioner's plea agreement barred his motion. This argument was first raised by the Government in its opposition papers to Mr. Vicendese's motion, but Petitioner failed to respond to the argument whatsoever, as noted by the Court in its Opinion. *See* ECF No. 13 at 3. Unhappy with the Court's reasoning, Mr. Vicendese has filed a second and successive motion. But "[a] party is not entitled to a second bite at the apple." *Gutierrez v. Johnson & Johnson*, No. 01 5302 WHW, 2007 WL 1101437, at *4 (D.N.J. Apr. 10, 2007). Mr. Vicendese is asking the Court to reconsider its legal reasoning from the Opinion & Order. The Court will therefore treat this as a motion for reconsideration of that decision. *See Brintley v. Aeroquip Credit Union*, No. 17-13912, 2018 WL 4178338, at *1 (E.D. Mich. Aug. 30, 2018) (treating a successive identical motion as a motion for reconsideration when the second motion simply disagrees with the court's original ruling on the first).

Local Civil Rule 7.1(i) allows a party to seek a motion for reconsideration within 14 days after entry of the judgment, and directs the party seeking reconsideration to submit "a brief setting forth the matter or controlling decisions which the party believes the Judge... has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608-09 (D.N.J. 2003).

## DISCUSSION

The Government opposed Mr. Vicendese's first motion for early termination of supervised release by arguing he is estopped from petitioning the Court for said release because he waived his

right to bring such a challenge in his plea agreement. Resp. Br. at 3. Specifically, the plea agreement stated:

> Mr. Vicendes [sic] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18. U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17.

ECF No. 5 at 7, ¶ 10.

The Court then analyzed the clause's language, finding that "[c]riminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. The right to appeal in a criminal case is among those rights that may be waived. The Court will not review the merits if: (1) the issues raised fall within the scope of the [] waiver; and (2) [Petitioner] knowingly and voluntarily agreed to the [] waiver; unless (3) enforcing the waiver would work a miscarriage of justice." ECF No. 13 (internal citations and quotations omitted). The Court found that "because Mr. Vicendese waived any motion challenging his 'sentence,' he is forbidden from challenging the terms of his supervised release, which are incorporated in and a part of his sentence." *Id.* It therefore denied the motion.

Mr. Vicendese implores the Court that this analysis cannot be correct, stating that "counsel is unaware of any prior case in this District in which the Government raised such an argument," and attaching to his motion a Certification from his counsel, which notes that counsel, as a former AUSA in the District of New Jersey, "never once asserted that a defendant had waived his or her right to bring" such a motion "under the language of an appellate waiver provision." ECF No. 14-2 at 2. But Counsel did not search hard enough. On February 2, 2018, Petitioner Ronald Damon brought a motion for early termination of supervised release in front of Chief Judge Wolfson, which was denied by the Court. *See USA v. Damon*, 06-CR-00471-FLW-1 (D.N.J. June 22, 2018)

4

(ECF No. 26) ("*Damon* Letter Order"). The Government opposed the motion in part because Mr. Damon had signed a plea agreement with the *exact* language included in Mr. Vicendese's plea, arguing that "[b]y waiving his right to file *any* motion challenging *any* component of his sentence, then, Damon waived his right to file a motion under § 3583(e)(1) to shorten his term of supervised release." ECF No. 23 (06-CR-00471-FLW-1) at 2 (emphasis in original). The Court agreed. Chief Judge Wolfson relied on *U.S. v. Laine*, 404 F. App'x 571, 573 (3d Cir. 2010), in which the Third Circuit found that a similar "waiver in the plea agreement precluded [Petitioner] from seeking early termination of his supervised release." *Damon* Letter Order at 4. Chief Judge Wolfson noted that *Laine* was a non-precedential opinion, but found the fact that "it is a Third Circuit decision on an identical legal issue with nearly identical facts" to be "highly persuasive." *Id.* at 5. On August 6, 2019, the Third Circuit affirmed Chief Judge Wolfson's Order in *Damon*, holding that the Defendant "cannot now challenge the term of his supervised release by reframing it as a post-sentence modification," since "[t]o interpret the waiver as Damon urges would stretch its ordinary meaning beyond normal usage." *United States v. Damon*, No. 18-2444, 2019 WL 3559045, at *4-*5 (3d Cir. Aug. 6, 2019). The Circuit held that Damon's motion, "[b]y its very nature...is a challenge to the sentence imposed." *Id.*

The reasoning used by the Third Circuit in *Damon* is identical to that used by the Court in its January 8, 2019 decision. There, then-Senior Judge Walls found that "the word 'sentence' in a broad waiver such as that now before us includes the terms and conditions of supervised release." ECF No. 13 at 4. There is no clear error of law present to justify disturbing the Court's January 8, 2019 Opinion & Order. Petitioner's motion is denied.

## CONCLUSION

For the reasons set forth above, the Motion to Terminate Supervised Release and Discharge Defendant is **DENIED**. An appropriate order follows.

s/ Susan D. Wigenton, U.S.D.J.

Orig:       Clerk
cc:         Parties